SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-401

| | |
|---|---|
| ST. FRANCIS COUNTY AND AAC RISK MANAGEMENT SERVICES<br>APPELLANTS<br><br>V.<br><br>THOMAS J. WATLINGTON<br>APPELLEE | **Opinion Delivered** September 23, 2015<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G110242]<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

The Arkansas Workers' Compensation Commission (Commission) determined that Thomas J. "Tommy" Watlington was not entitled to wage loss but that he was entitled to a 10% permanent partial-disability rating. On appeal, St. Francis County and its insurance carrier argue the Commission's decision that the employee is entitled to a 10% rating is in error and should be reversed. We disagree and affirm.

On October 31, 2011, appellee Deputy Sheriff Watlington sustained a compensable injury while employed with the St. Francis County Sheriff's Department. In pursuit of a suspect, Watlington cut his face on a barbed-wire fence. He was treated at Forrest City Medical Center for the laceration and received a tetanus shot. Watlington testified that the next morning, his fingers were numb, and it kept "getting worse and worse and worse." Dr. Sudhir Kumar treated Watlington on November 7, 2011, diagnosed him with paresthesia and prescribed Medrol for him. On December 13, 2011, Dr. Andrew W. Lawton, a neuro-

opthalmologist, informed Dr. Reginald Rutherford that he had seen Watlington for a comprehensive examination and that the changes on his MRI might indicate a CNS reaction to the vaccine. Several tests were run, and Dr. Rutherford agreed that the results reflected that Watlington had suffered an adverse immunological reaction to the tetanus vaccination.

On January 19, 2012, Dr. Rutherford noted that Watlington reported that his condition was 80% improved, and he was working light duty at that point. On February 3, 2012, Dr. Rutherford saw Watlington again and reported "sustained improvement in hand paresthesia but mild residual symptoms." Dr. Rutherford continued to provide treatment to Watlington over the next several months, and in May 2013, Dr. Rutherford recommended that he keep his workers' compensation claim open. On June 13, 2013, Dr. Barry Baskin provided a second "Opinion Evaluation" and gave Watlington a 10% permanent-impairment rating to the whole body. He based this rating on a "subtle loss of manual dexterity." Dr. Baskin used the Fourth Edition of the American Medical Association's Guides to Evaluation of Permanent Impairment in reaching this conclusion.

A hearing before the Administrative Law Judge (ALJ) was held on August 8, 2014, and the ALJ filed an opinion on October 14, 2014, finding that Watlington sustained a permanent physical impairment in the amount of 10% and that he sustained wage-loss disability in the amount of 7%. The decision was appealed to the Full Commission.

As noted, the present appeal arises from a Full Commission decision dated April 15, 2015, which affirmed in part and rejected in part the decision of the ALJ, and ruled that the claimant was not entitled to wage loss but that he was entitled to the 10% rating. Appellants

SLIP OPINION

argue the decision of the Commission should be reversed because the finding that Watlington is entitled to a 10% permanent partial-disability rating is in error.

The Commission's decision is to be affirmed only when there is substantial evidence on record to support the Commission's finding. *Express Human Res. III v. Terry*, 61 Ark. App. 258, 968 S.W.2d 630 (1998). In appeals involving claims for workers' compensation, this court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Leach v. Cooper Tire & Rubber Co.*, 2011 Ark. App. 571. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm. *Id.*

Credibility questions, and the weight to be given to witness testimony, are within the Commission's exclusive province. *Pack v. Little Rock Convention Ctr.*, 2013 Ark. 186. The Commission's decision to accept or reject medical opinions, and how it resolves conflicting medical evidence, has the force and effect of a jury verdict. *St. Edward Mercy Med. Ctr. v. Chrisman*, 2012 Ark. App. 475. It is the Commission's duty to use its experience and expertise in translating the testimony of medical experts into findings of fact. *Oak Grove Lumber Co. v. Highfill*, 62 Ark. App. 42, 968 S.W.2d 637 (1998).

Appellants argue that the Commission's decision that Watlington was entitled to a 10% rating to the whole person is not based on substantial evidence. Specifically, appellants assert that the rating by Dr. Baskin was clearly based on subjective criteria. They also maintain

SLIP OPINION

Watlington's condition is not a permanent one and should, therefore, not be given a permanent impairment rating.

Permanent impairment has been defined as "any permanent functional or anatomical loss remaining after the healing period has ended." *Main v. Metals*, 2010 Ark. App. 585, at 9, 377 S.W.3d 506, 511. Any determination of the existence or extent of physical impairment must be supported by objective and measurable findings. *Dillard's v. Johnson*, 2010 Ark. App. 138, 374 S.W.3d 92. "Objective findings" are those that cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16)(A) (Repl. 2002); *Vangilder v. Anchor Packaging, Inc.*, 2011 Ark. App. 240.

In *Wal-Mart Assocs., Inc. v. Ealey*, 2009 Ark. App. 680, this court, in addressing an impairment rating, held that there was no requirement that medical testimony be based solely or expressly on objective findings, only that the medical evidence of the injury and impairment be supported by objective findings. Moreover, permanent benefits shall be awarded only upon a determination that the compensable injury was the major cause of the disability or impairment. Ark. Code Ann. § 11-9-102(4)(F)(ii)(*a*) (Supp. 2009). "Major cause" means more than fifty percent of the cause. Ark. Code Ann. § 11-9-102(14)(A) (Supp. 2009).

An injured employee is entitled to compensation for the permanent functional or anatomical loss of use of the body as a whole whether his earning capacity is diminished or not. *Vangilder*, *supra*. The Commission is authorized to determine what portion of the medical evidence to credit and to translate that evidence into a finding of permanent impairment using the AMA Guides. *Main v. Metals*, *supra*.

4

SLIP OPINION

Appellants argue that because Watlington's injury is based on subjective complaints that have no objective findings, it is not compensable. In Dr. Baskin's June 13, 2013 report, he wrote that "there is no objective [finding] for his subjective sensory loss." Appellants contend that, by Dr. Baskin's own admission, there is no objective finding. However, we do not find appellants' arguments persuasive. Dr. Baskin also noted in his June 2013 report, "It is certainly likely that the findings on MRI could lead him to feel fatigued. I would give him a 10% whole person impairment using the only criteria in the Fourth Edition of the AMA guidelines that I can feel comfortable with. Certainly this gentleman does have a real condition and it may be with him for some time."

The 10% rating is supported by objective medical findings, including the post injury MRI, which confirmed abnormalities in Watlington's brain. The Commission found that the abnormalities were causally related to the October 31, 2011 compensable injury and that Watlington proved the compensable injury was the major cause of his 10% permanent anatomical-impairment rating.

Viewing the evidence in the light most favorable to the Commission's decision, we hold that there is substantial evidence to support a finding that Watlington was entitled to a 10% permanent physical-impairment rating. The 10% rating by Dr. Baskin was based on an objective medical finding and was stated within a reasonable degree of medical certainty. Dr. Baskin, based upon patient history, examination, the MRI, and the AMA Guides to the Evaluation of Permanent Impairment, used his medical expertise to render an opinion concerning Watlington's permanent impairment. The ALJ, and subsequently the Commission,



accepted this finding. Because reasonable minds could reach the Commission's conclusion in this case, substantial evidence supports its decision. Accordingly, we affirm.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Michael E. Ryburn*, for appellants.

No response.